January 12, 2012

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0906

Re: Whether section 74.501 of the Property Code prohibits the Comptroller from making direct payments of unclaimed property proceeds to certain persons (RQ-0988-GA)

Dear Comptroller Combs:

You request an opinion regarding who may receive direct payments of unclaimed property proceeds under section 74.501 of the Property Code.[1] You tell us that the Office of the Comptroller of Public Accounts ("the Comptroller") "has recently received a significant number of unclaimed property claims from claimants who have purchased unclaimed property or unclaimed property rights in proceedings before various courts of competent jurisdiction throughout the United States." Request Letter at 1. You also explain that your office has had a longstanding policy of not making direct payments to "assignees, transferees or purchasers of unclaimed property." *Id.* You therefore ask us to opine on whether, by enacting section 74.501 of the Property Code, the Legislature prohibited your office from paying claims to the purchasers of unclaimed property or unclaimed property rights. *Id.*

Your office is prohibited by subsection 74.501(e) "from paying assignees or any other type of purchaser of unclaimed property or unclaimed property rights." *Id.* Subsection 74.501(e) expressly prohibits the Comptroller from making payments for unclaimed property to the following individuals:

> (1) a creditor, a judgment creditor, a lienholder, or *an assignee* of the reported owner or of the owner's heirs; or

> (2) a person holding a power of attorney from the reported owner or the owner's heirs.

---

[1] *See* Letter from the Office of the Texas Comptroller of Public Accounts, to Honorable Greg Abbott, Attorney General of Texas at 1–2 (July 28, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

TEX. PROP. CODE ANN. § 74.501(e) (West 2007) (emphasis added).[2] You define the term "assignee" as used in subsection 74.501(e)(1) to include an individual who has purchased for value the unclaimed property of another and ask whether this definition is legally supportable. Request Letter at 1–2.

We note at the outset that the Comptroller is charged with implementing and enforcing the statutory provisions relating to unclaimed property under the Property Code. *See* TEX. PROP. CODE ANN. §§ 74.701–.710 (West 2007 & Supp. 2011) (Title 6 "Unclaimed Property, Chapter 74, subchapter H, "Enforcement"). According to the Texas Supreme Court, an agency's interpretation of a statute it is charged with enforcing is entitled to "serious consideration," so long as the construction is reasonable and does not conflict with the statute's language. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Keeping this rule in mind, we analyze the Comptroller's construction of the word "assignee."

The word "assignee" is not defined within the Title 6 of the Property Code, which addresses unclaimed property. *See* TEX. PROP. CODE ANN. §§ 71.001–76.704 (West 2007 & Supp. 2011).[3] When the Legislature does not provide a specific definition for a word, we rely on the plain and common meaning of the word. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Multiple dictionaries define "assignee" broadly to mean any person "to whom a right or property is legally transferred." I OXFORD ENGLISH DICTIONARY 713 (2d ed. 1989); WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 109 (9th ed. 1990); *see also Johnson v. Structured Asset Servs., L.L.C.*, 148 S.W.3d 711, 721 (Tex. App.—Dallas 2004, no pet.) (describing "assignment" as "the transfer or setting over of property, or some right or interest."). These definitions do not specify how or why the transfer takes place, other than to require that the transfer be legal. It therefore appears that a reasonable construction of the word "assignee" could include a person to whom property is transferred based on a purchase of the property for value, regardless of whether that transfer is also incorporated into a court order. As the agency charged with enforcing section 74.501, the Comptroller's reasonable construction of the word assignee, as used in that statute, would likely be shown deference by the courts.

---

[2]We note that subsection 74.501(f) allows the Comptroller to make an exception for individuals who have "a claim for child support arrearages" in specific instances. *See* TEX. PROP. CODE ANN. § 74.501(f) (West 2007).

[3]For purposes of other statutes, the Legislature has defined "assignee" in various ways. *See, e.g.*, TEX. PROP. CODE ANN. § 64.001(a) (West Supp. 2011) (defining "assignee" as "a person entitled to enforce an assignment of rents"); TEX. BUS. & COMM. CODE ANN. § 23.01(2) (West 2009) (defining "assignee" as "an assignee for the benefit of creditors"); TEX. UTIL. CODE ANN. § 39.302(1) (West Supp. 2011) (defining "assignee" as "any individual, corporation or other legally recognized entity to which an interest in transition property is transferred, other than as security, including any assignee of that party"). These definitions are each limited to use in the chapter in which they are found and provide little guidance for use outside of those chapters.

## S U M M A R Y

As the agency charged with implementing and enforcing Property Code section 74.501, the Comptroller's construction of the word "assignee," as used in that section, would be shown deference by the courts so long as it is reasonable and not contrary to the plain language of the statute. A reasonable construction of the word "assignee" could include a person to whom property is transferred based on a purchase of the property for value.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee